IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION
Civil Action No. 3:15-AV-99999

| | |
|---|---|
| CHERYL GREER-CRAVEN, | **NOTICE OF REMOVAL** |
| Plaintiff, | |
| vs. | |
| STOCK BUILDING SUPPLY, LLC, | |
| Defendant. | |

**EXHIBIT 1**

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF GREENVILLE | ) | |
| | ) FILED-CLERK OF COURT | |
| CHERYL GREER-CRAVEN | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | 2015-CP- - |
| vs. | ) 2015 NOV 6 AM 11 11 | |
| | ) | 2015-CP-23-06703 |
| STOCK BUILDING SUPPLY, LLC | ) | |
| Defendant(s) | ) | |

Submitted By: BRIAN ARNOLD  
Address: 223 WEST STONE AVENUE, GREENVILLE  
29609

SC Bar #: 16839  
Telephone #: 242-2427  
Fax #: 335-4195  
Other:  
E-mail:

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.  ☐ NON-JURY TRIAL demanded in complaint.  
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.  
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.  
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

**Contracts**
- ☐ Constructions (100)
- ☐ Debt Collection (110)
- ☒ Employment (120)
- ☐ General (130)
- ☐ Breach of Contract (140)
- ☐ Other (199)

**Torts - Professional Malpractice**
- ☐ Dental Malpractice (200)
- ☐ Legal Malpractice (210)
- ☐ Medical Malpractice (220)
- Previous Notice of Intent Case # 20___-CP-___-____
- ☐ Notice/ File Med Mal (230)
- ☐ Other (299)

**Torts – Personal Injury**
- ☒ Assault/Slander/Libel (300)
- ☐ Conversion (310)
- ☐ Motor Vehicle Accident (320)
- ☐ Premises Liability (330)
- ☐ Products Liability (340)
- ☐ Personal Injury (350)
- ☐ Wrongful Death (360)
- ☐ Other (399)

**Real Property**
- ☐ Claim & Delivery (400)
- ☐ Condemnation (410)
- ☐ Foreclosure (420)
- ☐ Mechanic's Lien (430)
- ☐ Partition (440)
- ☐ Possession (450)
- ☐ Building Code Violation (460)
- ☐ Other (499)

**Inmate Petitions**
- ☐ PCR (500)
- ☐ Mandamus (520)
- ☐ Habeas Corpus (530)
- ☐ Other (599)

**Administrative Law/Relief**
- ☐ Reinstate Drv. License (800)
- ☐ Judicial Review (810)
- ☐ Relief (820)
- ☐ Permanent Injunction (830)
- ☐ Forfeiture-Petition (840)
- ☐ Forfeiture—Consent Order (850)
- ☐ Other (899)

**Judgments/Settlements**
- ☐ Death Settlement (700)
- ☐ Foreign Judgment (710)
- ☐ Magistrate's Judgment (720)
- ☐ Minor Settlement (730)
- ☐ Transcript Judgment (740)
- ☐ Lis Pendens (750)
- ☐ Transfer of Structured Settlement Payment Rights Application (760)
- ☐ Confession of Judgment (770)
- ☐ Petition for Workers Compensation Settlement Approval (780)
- ☐ Other (799)

**Appeals**
- ☐ Arbitration (900)
- ☐ Magistrate-Civil (910)
- ☐ Magistrate-Criminal (920)
- ☐ Municipal (930)
- ☐ Probate Court (940)
- ☐ SCDOT (950)
- ☐ Worker's Comp (960)
- ☐ Zoning Board (970)
- ☐ Public Service Comm. (990)
- ☐ Employment Security Comm (991)
- ☐ Other (999)

**Special/Complex /Other**
- ☐ Environmental (600)
- ☐ Automobile Arb. (610)
- ☐ Medical (620)
- ☐ Other (699)
- ☐ Pharmaceuticals (630)
- ☐ Unfair Trade Practices (640)
- ☐ Out-of-State Depositions (650)
- ☐ Motion to Quash Subpoena in an Out-of-County Action (660)
- ☐ Sexual Predator (510)

Submitting Party Signature: _/s/ Brian Arnold_    Date: 11-5-15

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (06/2013)    Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA )  COURT OF COMMON PLEAS
)
COUNTY OF GREENVILLE )
)  2015-CP-23- 06703
)
)  Case No. 2015-CP-___-___
Cheryl Greer-Craven, )
)
         Plaintiff, )  **SUMMONS**
)  **(JURY TRIAL DEMANDED)**
v. )
)
Stock Building Supply, LLC )
         Defendant. )
_____)

**TO THE DEFENDANT ABOVE-NAMED:**

    You are hereby summoned and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to same upon the subscribed at 223 West Stone Ave., Greenville, South Carolina, 29609 within thirty (30) days after the service of same, exclusive of the day of such service. If you fail to answer same within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

        Respectfully submitted,

        ARNOLD LAW FIRM, LLC

    By: _____
        BRIAN E. ARNOLD
        S.C. Bar No. 16839
        223 West Stone Avenue
        Greenville, South Carolina 29609
        (864) 242-2427

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE ) | 2015-CP-23- 06703 |
| ) | |
| ) | Case No. 2015-CP-__-_____ |
| Cheryl Greer-Craven, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | **(JURY TRIAL DEMANDED)** |
| v. ) | |
| ) | |
| Stock Building Supply, LLC ) | |
| Defendant. ) | |
| ) | |

COMES NOW Plaintiff, by and through her counsel, Brian E. Arnold, and files this Complaint as follows:

1. This action is brought pursuant to the Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by state and federal law, which provides relief against sex discrimination.

2. Plaintiff, a female, is a resident of Greenville, South Carolina and had previously worked for Defendant as an outside sales person in its Greenville Office. The Defendant is an entity organized under the laws of North Carolina and currently conducts business in Greenville, South Carolina and has 15 or more employees, engaged in an industry affecting commerce, for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and has the requisite number of employees under Title VII. This action is filed within 90 days from the date of receipt of this Notice of Right to Sue from EEOC. Defendant is a covered employer as defined under Title VII applicable laws and Plaintiff is a person entitled to the protections of Title VII. Jurisdiction and Venue are proper in this venue and Court.

3. Defendant had new management come in early 2013 and Dwayne Farrell, the regional manager, and Chad Huffman, store manager, began treating Plaintiff differently than the male sales persons right away. Plaintiff was the only female sales person in Greenville and had stated on one occasion early on her desire to be treated like the men and be paid the same. Defendant simply ignored her.

4. From the beginning, Defendant treated Plaintiff less favorably and different than the men in her job, including, but not limited to, (1) telling Plaintiff's support staff to offer her only limited support as opposed to what support the men were being offered; (2) Mr. Farrell asking Plaintiff constantly "what do you do again?" "How did you get that job?" in a manner that was degrading to Plaintiff; (3) Mr. Farrell saying "Women's voices, something I don't like to hear!" "Too high pitched for me."; and (4) in a meeting Plaintiff mentioned her back was hurting and Mr. Farrell said "Well we know why that is now don't we!"

5. Although Plaintiff understood Defendant's sexist discriminatory views of her, she attempted to just do her job. But without warning, Plaintiff was called into a meeting on or about October 31, 2013 and was told she was being terminated "because of numbers alone." However, Plaintiff had never received a written or verbal warning regarding her sales performance, or for anything else, from Defendant. She was meeting their legitimate expectations. Also, Plaintiff was aware of at least two male sales persons at the time of her termination whose "numbers" were lower than Plaintiff's and neither one of the males sales persons was being terminated because of their lower numbers. Further, as a completely different reason from what was told to Plaintiff on that day, Defendant informed the South Carolina Employment Security Commission later that it terminated Plaintiff for drinking on the job and becoming intoxicated on the job. This too was false. The day before her termination, Plaintiff had one alcoholic drink at lunch with a vendor

3

and two other male sales persons of Defendant were present, which is common in the business. Neither male sales person involved in this meeting, each of whom had at least one alcoholic drink, was terminated. Thus, under either reason given by Defendant for Plaintiff's termination, Plaintiff was treated differently and less favorably than the male sales persons she worked with as evidenced by Defendant terminating Plaintiff and not her male counterparts. Defendant's reasons for Plaintiff's termination were false and pretextual. Had Plaintiff been a man, she would not have been terminated.

6. While employed by Defendant and at the time of her termination, Plaintiff performed her job satisfactorily and was meeting Defendant's legitimate expectations.

7. Defendant terminated Plaintiff for false, pretextual and changing reasons. Defendant provided such pretextual and changing reasons to cover up for the fact that Defendant's intent was to terminate Plaintiff because of her sex. The circumstances of Plaintiff termination gives rise to an inference of unlawful sex discrimination. Plaintiff was terminated because she was a female.

8. Such discrimination was intentional and in willful disregard of the rights of Plaintiff.

9. As a result of such discrimination, Plaintiff has suffered loss of income, both back and future pay, retirement, both back and future retirement, loss of fringe benefits, humiliation, loss of reputation and other special and general damages.

**WHEREFORE**, Plaintiff respectfully requests A JURY TRIAL and that this Court enter judgment in her favor and against the Defendant as follows:

a.  For actual damages as proven to the trier of fact, including compensation for emotional distress, pain and suffering, loss of enjoyment, lost wages (back and front pay), retirement benefits (back and future retirement pay) and mental anguish;

(b)  For special damages including the loss of professional and personal reputation;

(c)  For Punitive damages;

(d)  For costs of suit, including Plaintiff's reasonable attorney's fees; and

(e)  such other and further relief as this Court deems just and equitable

Dated this the 5th day of November 2015.

Respectfully submitted,

ARNOLD LAW FIRM, LLC

By: _____
Brian E. Arnold
SC I.D. No. 16839
Attorneys for the Plaintiff
223 West Stone Avenue
Greenville, South Carolina 29609
(864) 242-2427

5